25 C.C.P.A.(Patents)

## In re HALL.
### Patent Appeal No. 3897.

Court of Customs and Patent Appeals.
Feb. 28, 1938.

Emery, Booth, Holcombe & Miller, of Washington, D. C., and Walter I. Jones, of Cambridge, Mass. (Charles F. Miller, Jr., of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from the decision of the Board of Appeals of the United States Patent Office, which affirmed that of the Primary Examiner in rejecting all of appellant's claims for a patent for a method of upholstery installation.

Claim 17 is regarded as illustrative of the four claims involved and reads: "17. The method of attaching a fastener-holding plate to a form of cardboard and the like by attaching prongs formed as a part of the attaching plate which comprises providing the prongs with initially bent free ends before engagement with the form and then forcing the attaching prongs through the material of the form against a flat die engaging directly against the opposite side of the form whereby the initially bent end portions strike the die and are curled back into the form into hook-like formations without projecting beyond that surface of the form where the prongs are bent backwardly into the material and exposing only a minimum amount of the prongs."

The references relied upon are as follows:

Shipman, 737,874, September 1, 1903.
Parsons, 1,238,327, August 28, 1917.
Carr, 1,675,787, July 3, 1928.
Prez, 1,782,695, November 25, 1930.
Place, 1,887,426, November 8, 1932.

The application discloses a means for securing stud fastener members to an upholstery panel especially designed for an automobile, and comprises an attaching staple adapted to be secured to a stiff cardboard panel. The staple has a sheet-metal plate which has two or four prongs at the outer periphery. The free ends of the prongs are initially slightly bent outwardly from the plate. The plate and prongs are attached to the cardboard panel by pressing the prongs into the cardboard so that they curl outwardly from the plate and clinch as they are embedded in the cardboard. In the plate is provided a socket for the stud fastener. This panel is then covered on the outer side by securing a textile covering to the smooth surface of the panel. In the applicant's device the plate is securely fastened, and at the same time the prongs do not extend beyond the outer surface of the panel so as to penetrate the textile or cause the showing of an uneven surface.

The main point in contest here is concerning the plate prongs being initially slightly curved at the free ends.

Appellant has assigned three reasons of appeal. The Solicitor for the Patent Office has challenged the sufficiency of the first reason of appeal to present the questions sought to be raised by appellant. It is unnecessary for us to discuss this reason of appeal, since it is our view that the two other reasons of appeal sufficiently present the issues which we here decide.

The Shipman patent relates to a fastener which has prongs fastened in fabric with the ends of the prongs curled over and embedded within the material. The prongs curl inwardly and are not initially curved outwardly.

The Parsons patent is for a stapling machine, which machine is of no importance here except that it shows the steps of a process which makes use of a staple which has the ends of the legs thereof curved inwardly. The machine employs an anvil for turning back the ends of the legs.

The Place patent relates to securing snap fasteners in which the legs on the body portion of a staple are driven through the material and the tips of the legs may be turned inwardly or outwardly and presssed into the body material. The patentee recites that the staples may be applied by causing the legs to curve laterally as they are driven into the fibrous body material.

Carr and Prez are in the nature of cumulative references which are in addition to Parsons, relate to the upholstery art, and show that it is old to initially bend the ends of attaching prongs to predetermine the direction of the curl of the same.

The examiner rejected the claims at bar over the disclosure of Place in view of the patents to Prez, Carr, and Parsons, holding that Parsons shows it is old in nailing and stapling, generally, to initially bend the prongs of a staple so that upon penetration into the material, or through the material and against an anvil, the prongs will be deflected back into the material; that Carr and Prez show fastener elements or prongs in the upholstery art which are initially bent for the same purpose; and that: "It is believed that the ordinary mechanic having the disclosure of the structure of Fig. 5 of Place and the methods of Prez and Carr before him would be able to adopt the latter methods to the construction of Place's device without the exercise of any invention."

Originally the board allowed claims 17 and 19 over the patent to Place. Jurisdiction was restored to the Primary Examiner for the purpose of reopening the prosecution in view of newly discovered references. The said claims 17 and 19, together with newly presented claims 20 and 21, were then rejected by the examiner as unpatentable over the disclosure of Place in view of the Prez, Carr, Parsons, and Lewis patents, the latter reference not being mentioned by the examiner in his formal statement or by the board. Upon appeal to the Board of Appeals, the rejection by the examiner on the combination of the new references with the old was affirmed.

Appellant's second reason of appeal is as follows: "(2) The Honorable Board of Appeals erred in affirming the Examiner in his rejection of the claims on new references in combination with an old reference (Place, No. 1,887,426) after the honorable Board of Appeals had previously allowed claims 17 and 19 over that reference."

It is difficult to understand whether appellant challenges the right of the board to reject on the new references in combination with the old, or whether the assignment of error merely questions the correctness of the rejection in event the tribunal was privileged to combine the new and old references. In any event, it is our view that the board did not err in considering the old reference and the new references in connection with this rejection. Upon the proper presentation of new references it is perfectly proper for the Primary Examiner and the board to change their decisions as to the allowability of claims if they see fit to do so. In re Ellis, 86 F.2d 412, 24 C.C.P.A., Patents, 759.

In affirming the decision of the examiner, the board said:

"The claims were allowed by this tribunal over the patent to Place No. 1,887,-426, on the ground that Place did not definitely anticipate the free bending of the ends of the prongs before applying the fastener to the cardboard, nor was this feature shown by any other citation of record at that time.

"The new citations now applied by the examiner are directed particularly to that feature in similar devices. Each of the patents to Carr, Prez and Parsons clearly discloses such detail. The patent to Parsons particularly slightly bends the extreme tips of the staple prongs shown in outline in his Fig. 3 but not lettered. Parsons states that when such staple is force—through hoops and staves of baskets, usually made of wood, the turned ends of the prongs will be deflected so as to re-enter the article, thus avoiding sharp ended exposed portions and prevent in-

jury to the hand or clothing of the person who handles said articles. Carr clearly shows the same effect in the bent ends 8 of the prongs of the fastener. Pres illustrates pre-bent ends which we consider cause them to be further deformed and deflected and clinched as in Fig. 2.

"After careful consideration of the record including the new citations, it is our opinion that the claims on appeal fail to present invention. Particularly, the patent to Parsons discloses passing the prongs entirely through the material against an anvil and causing them to return and re-enter the material. This appears to be the main principle involved in applicant's claims. We find no invention in transferring this idea from fastening parts of fruit baskets, presumably of thin wood, to application in connection with cardboard."

We are in agreement with the conclusion reached by the board. The combination of the references considered by the examiner and approved by the board clearly shows the elements of appellant's method. It is true that some of the references refer to machines or devices and not to methods, but the features relied upon for patentability in the rejected claims are nevertheless disclosed in the references to which attention is called by the tribunals. As was before stated, the main contention regarding the claims defining invention revolves around the initial bending of the ends of the portion of the legs that strike the die. This is old as was clearly shown by the new references cited.

The decision of the Board of Appeals is affirmed.

Affirmed.